UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
SIBEL EDMONDS                           )
                                        )
            Plaintiff,                  )
                                        )
    v.                                  )
                                        ) Civil Action No.  05-540 (RBW)
UNITED STATES OF AMERICA                )
                                        )
                                        )
            Defendant.                  )
_____     )

**ORDER**

Currently before the Court is the plaintiff's Motion for Recusal and/or Disqualification of Judge Reggie B. Walton ("Pl.'s Mot."). The plaintiff alleges that this judge must recuse himself from this case pursuant to 28 U.S.C. § 455(a) (2000) because my "impartiality may be reasonably questioned." First, the plaintiff asserts that the impartiality of this judge may be "reasonably questioned" because the assignment of this case "to Judge Walton would lead a reasonable person to question the integrity of the case assignment process and whether or not such process had been subverted in violation of local rules." Pl's Mot. at 10. In addition, the plaintiff suggests that this judge has a penchant for secrecy, which merits recusal. Both allegations are totally without merit and the plaintiff's motion will therefore be denied for the following reasons.

First, while the plaintiff is correct that her earlier case filed in this Court, Edmonds v. Department of Justice, 323 F. Supp. 2d 65 (D.D.C. 2004), and this action were both assigned to this judge, this circumstance does not "create a perception that the system [of random assignment of cases] has been manipulated." Pl.'s Mot. at 9. In fact, the Clerk of the Court's office conducted a through review of the process that resulted in the assignment of the plaintiff's cases

to this judge, and that review revealed complete compliance with the local rules of this Court. See LCvR 40.1, 40.5(c). Accordingly, there is simply no basis for the proposition that a reasonable person could view the assignment of this case as improper.

The plaintiff's second contention is equally frivolous. The plaintiff claims that this judge has a penchant for secrecy, which makes this judge unable to be impartial. Pl's Mot. at 13. To support this contention, the plaintiff references this Court's earlier rulings in her initial case and the fact that this judge previously released only redacted versions of financial statements. Id. at 11-12. Neither argument has merit. There is simply no basis for this Court to recuse itself because the plaintiff does not believe the Court properly decided her earlier case. This is especially true since the Court's ruling has been affirmed on appeal.[1] Moreover, while this judge acknowledges that he previously requested the redaction of his financial disclosure statements when this information was requested by a violent criminal defendant who had been sentenced by this judge, upon proper request, this judge will authorize the release by the Administrative Office of the United States Courts a minimally redacted version of his financial disclosure statements.[2]

Based on the foregoing, the plaintiff's motion is **DENIED**.

**SO ORDERED** this 5th day of April, 2006.

_____
REGGIE B. WALTON
United States District Judge

---

[1] This Court's opinion in Edmonds v. Dep't of Justice, 323 F. Supp. 2d 65 (D.D.C. 2004) was affirmed by the District of Columbia Circuit, Edmonds v. Dep't of Justice, 161 Fed. App'x 6 (D.C. Cir. 2005), and the Supreme Court declined to grant certiorari. Id., cert. denied, 546 U.S. \_\_\_ (2005).

[2] For safety reasons, the Court will continue to have his home address along with some of his spouse's financial information redacted.